IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT E. WILSON,

        Plaintiff,                        Case No.: 3:13-CV-388

vs.

CITY OF DAYTON, *et al.*,              Judge Walter H. Rice
                                                              Magistrate Judge Michael J. Newman

        Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S *PRO SE* COMPLAINT BE DISIMSSED; AND (2) THIS CASE BE CLOSED**

This matter is before the Court for a *sua sponte* review of *pro se* Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") on November 14, 2013, which the Court granted by Notation Order on November 18, 2013. Doc. 1. The Court held service of the complaint pending a review under § 1915(e)(2). The Court may dismiss Plaintiff's complaint upon finding his claims: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**I.**

*Pro se* Plaintiff brings this action, presumably pursuant to 42 U.S.C. § 1983, against ten defendants: the City of Dayton; the Dayton Police Department; Dayton Police Officers T.P.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Zimmer, K. Sowart, and M. Baker; the National Association for the Advancement of Colored People ("NAACP"); the Southern Christian Leadership Council ("SCLC"); Montgomery County, Ohio; the State of Ohio; and former Dayton Police Officer Matthew Stacker. Doc. 2 at PageID 52-54. The complaint proceeds in narrative form to detail five sets of events that Plaintiff urges demonstrate numerous wrongs committed against him. The descriptions of four of the events begin with a case number. The Court takes judicial notice of the fact that these four case numbers correspond to criminal cases in Dayton Municipal Court that resulted in a conviction or guilty plea.

The first event involves a 2005 conviction for disorderly conduct, Case No. 2003-CRB-13654. *Id.* at PageID 55-56. The complaint describes that in 1986 Plaintiff met the owner of Motoman, Inc. while working at Kettering Medical Center. When this man died, Plaintiff alleges he was informed that the man bequeathed Plaintiff "enough money that I could live off of the rest of my life." *Id.* at PageID 56. Plaintiff describes that he went to the Probate Court in November 1996 to seek files relevant to the estate, but that a clerk "literally refused to give me 2 folders from that particular docket." *Id.* Plaintiff claims the contents of these folders would have proven that he was entitled to estate proceeds. *Id.* Plaintiff also alleges that officials at the University of Dayton robotics program were involved in this scheme to defraud him because that program received money from Motoman, Inc.

Plaintiff then describes that, in 2003, he submitted a crime tip on the Montgomery County Prosecutor's website that allegedly incriminated "some of the prosecutors and or fellow (but private juris doctorates); fellow law enforcements; and or former and[/]or current elements at Motoman-Robotics, Kettering Medical Center; and or former and current civil/federal-politicians." *Id.* at PageID 55. When Plaintiff received no response to his tip, he sent an email to the Prosecutor's office. This elicited a response for Plaintiff "not to[] ever again

send an email in that manner." *Id.* Plaintiff was prosecuted -- and found guilty -- for this incident, which he alleges was to "cover their and their pal's butts." *Id.* at PageID 56.

Second, Plaintiff details the events leading to his arrest in Case No. 2005-CRB-1416. *Id.* at PageID 57. Plaintiff describes that after he "flipped off the [M]unicipal [C]ourt as I walked by," he was approached by Dayton Police Officer M. Baker. *Id.* Plaintiff alleges that Baker stalked and profiled him on that and several other occasions, which culminated in Plaintiff yelling an expletive at Baker. *Id.* Baker then radioed for other police officers, who arrested Plaintiff. *Id.* This resulted in Plaintiff's conviction for disorderly conduct in May 2005.

The third event described involves Case No. 2006-CRM-20375, a disorderly conduct conviction. *Id.* at PageID 58-61. Plaintiff was allegedly approached on the street by Dayton Police Officers T.P. Zimmer and K. Sowart. *Id.* at PageID 58. Plaintiff claims that Zimmer approached him at the behest of Sowart and tried to engage him in conversation. *Id.* at PageID 58-59. Plaintiff then details the alleged motivation for this, which stemmed from a prior encounter between Plaintiff and Sowart. *Id.* at PageID 59-60. Eventually, Zimmer issued Plaintiff a ticket for disorderly conduct. *Id.* at PageID 61. Plaintiff then alleges that, at trial, Zimmer lied and testified that he was alone during the altercation. *Id.*

Plaintiff then discusses an encounter with "Sharon," an unnamed employee at SCLC, from whom he tried to obtain legal assistance stemming from these incidents. *Id.* Plaintiff alleges that Sharon inquired as to his religious denomination and, upon learning that Plaintiff was Protestant, stated there was a $25 application fee. *Id.* According to Plaintiff, Sharon discriminated against him based on his race and religion. *Id.*

The fourth event involves Case No. 2011-CRB-7836, which culminated in Plaintiff pleading guilty to harassment. *Id.* at PageID 62-63. The complaint explains the details leading to his arrest and attempts to show that he was not guilty. *Id.* Plaintiff's only allegation of

- 3 -

misconduct is his belief that the victim was induced to lie by unnamed persons, presumably the police or prosecutors in the case. *Id.* at PageID 63.

Finally, Plaintiff discusses an event in 2003 that did not lead to criminal charges. *Id.* at PageID 64-66. Plaintiff alleges that he was falsely accused of assault by third parties and placed in handcuffs by Dayton Police Officers. *Id.* During this process, Plaintiff alleges that one officer, Mathew Stacker, violated him with a hard object. *Id.* at PageID 65. Eventually, Plaintiff alleges, he was released once officers viewed the video surveillance tapes proving that no assault occurred. *Id.* Plaintiff tried to file an internal investigation report, but the DPD refused to accept it. *Id.* at PageID 65-66. Plaintiff claims he was vindicated when he saw a news report that Stacker had been fired. *Id.* at PageID 66. Plaintiff then adds that he intentionally chose not to contact the NAACP or SCLC for assistance in the matter because he believed they are both "corrupt" organizations, and "never have I trusted the SCLC." *Id.*

Plaintiff seeks damages in the amount of $250 million, the purported insurance policy limits, he believes, of the City of Dayton. *Id.* at PageID 67.

## II.

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A complaint has no arguable factual basis when its allegations are "fantastic or delusional," and no arguable legal basis when it presents "indisputably meritless" legal theories -- for example, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). While *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers,"

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Iqbal* and *Twombly* dismissal standards to reviews under § 1915(e)(2)(B)(ii)).

To state a claim for relief under § 1983, the complaint must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). The Sixth Circuit has held that "a private party can fairly be said to be a state actor if (1) the deprivation complained of was 'caused by the exercise of some right or privilege created by the State' and (2) the offending party 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Tahfs v. Proctor*, 316 F.3d 584, 589-90 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

The Supreme Court has provided that the applicable statute of limitations for § 1983 claims is the state statute governing actions for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985). If a state has multiple statutes of limitation for personal injury actions, as does Ohio, the proper statute to apply is the general or residual statute for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). The statute of limitations for general personal injury actions in Ohio is two years. Ohio Rev. Code Ann. § 2305.10. Therefore, § 1983 claims must be

brought within two years.  *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc); *see also Anderson v. City of E. Cleveland*, No. 1:12-cv-3020, 2013 WL 1910410, at *4 (S.D. Ohio May 8, 2013) ("The Court of Appeals for the Sixth Circuit has held that Ohio Revised Code § 2305.10 is the applicable statute, creating a two year statute of limitations for all § 1983 actions in Ohio.").

The accrual date for a § 1983 action, however, is governed by federal law.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  "The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).  A plaintiff, moreover, "has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  *Id.*

To maintain a § 1983 claim for an allegedly unconstitutional conviction or imprisonment, or other harm resulting from actions that would render a conviction invalid, the underlying conviction must have been favorably terminated in the plaintiff's favor.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

**III.**

After a careful review, and liberal construction, of Plaintiff's complaint, the Court believes that it must be dismissed pursuant to § 1915(e)(2)(B).

First, the majority of Plaintiff's claims are barred by the two-year statute of limitations. Plaintiff filed his IFP application on November 14, 2013.  Doc. 1.  Therefore, Plaintiff may only pursue claims under § 1983 for injuries he had reason to know of on or before November 15, 2011. *See Browning*, 869 F.2d at 992; *McCune*, 842 F.2d at 905.  The events surrounding Plaintiff's 2003, 2005, and 2006 criminal cases, and the 2003 alleged assault, are all barred by the statute of limitations.  *See* doc. 2 at PageID 55-61, 64-66.

Second, Plaintiff seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff names the Dayton Police Department and the State of Ohio as defendants. It is well established that a city police department is a sub-unit of the city government and is merely a vehicle through which the city fulfills its policing functions. *Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987). The Dayton Police Department is *sui juris* and therefore Plaintiff may not pursue claims against it. *Id.*; *see also Joseph v. Licking County*, No. 2:12-cv-803, 2012 WL 5988776, at *2 (S.D. Ohio Nov. 29, 2012); *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002). The Eleventh Amendment categorically bars suits in federal court against an unconsenting State. *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Ohio has not consented to suit in federal court; therefore, Plaintiff may not maintain his suit against the State of Ohio. *Allinder v. State of Ohio*, 808 F.2d 1180, 1184 (6th Cir. 1987). Further, the complaint is utterly devoid of any allegations that could potentially implicate liability for the State of Ohio.

Third, Plaintiff may not proceed against SCLC and NAACP because his complaint fails to allege that either entity deprived him of a constitutional right, or that either should be deemed a state actor. *See Wittstock*, 330 F.3d at 902; *Tahfs*, 316 F.3d at 590-91. Plaintiff fails to advance -- and the Court is unable to surmise -- any other grounds on which the case against these two defendants could proceed. The complaint only contains one reference to the NAACP. Doc. 2 at PageID 66. The complaint provides that Plaintiff intentionally chose not to contact the NAACP or SCLC for assistance because he believed they are both "corrupt" organizations, suspected that the NAACP previously stole money from a third party, and "never have I trusted the SCLC." *Id.*

Fourth, Plaintiff may not pursue a § 1983 claim for an unconstitutional conviction because he pled guilty or was found guilty in the four state criminal cases here at issue. *See Heck*, 512

- 7 -

U.S. at 486-87. Further, to the extent that Plaintiff attempts to present exculpatory evidence or otherwise challenge his state court convictions, his claims are precluded by the *Rooker-Feldman* doctrine, which provides that federal courts lack jurisdiction to review a case litigated and decided in state court because the United States Supreme Court is the only federal court with jurisdiction to correct state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Finally, for any alleged injuries that are not time barred and are asserted against proper defendants,2 the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Such events, limited to the 2011 criminal case, do not provide the basis for a cognizable claim under § 1983 or otherwise. Plaintiff's mere belief -- that the victim of his crime was induced to make false claims -- is unsupported by any specific facts and therefore fails to satisfy the pleading standards imposed by under *Twombly* and *Iqbal*. Doc. 2 at PageID 63.

To the extent that Plaintiff seeks to bring state law claims not otherwise discussed herein, Plaintiff fails to show that he satisfies the requirements of diversity jurisdiction, and the Court thus lacks subject matter jurisdiction to entertain such claims. *See* 28 U.S.C. § 1332.

**IV.**

For the reasons stated herein, the Court **RECOMMENDS** that:

1. Plaintiff's complaint be **DISMISSED**; and

2. This case be **CLOSED**.

---

[2] In light of the discussion in this opinion, clarifying that Plaintiff's § 1983 claims cannot withstand §1915(e)(2) review, *see supra*, the Court need not discuss whether the individual Defendants (Zimmer, Sowart, Baker, and Stacker) are entitled to qualified immunity from liability. *See generally Harlow v. Fitzgerald*, 457 U.S. 800, 817-19 (1982); *Burgess v. Fischer*, 735 F.3d 462, 471-72 (6th Cir. 2013).

December 16, 2013                                                    s/ **Michael J. Newman**
                                                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.   As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).